[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
1) On the basis of the affidavits on file there is indeed a genuine issue of fact as to Miller's role, authority and responsibility at the meeting in question. Paragraph 15 at page 7 of the defendant's memorandum of law is directly contradicted by the plaintiff's' filed affidavits.
2) Section 31-114 does not apply because the facts thus far established do not indicate that this incident arose out of a labor dispute.
3) The defendant's argument that Miller was not its employee begs the question if he was an authorized agent of the union which the court has found in #1 above. This involves a genuine issue of material fact. CT Page 4904
4) Under Mullen v Horton, 46 Conn. App. 759 (1997) there is a genuine issue of fact as to whether the act complained of grew out of, and was the immediate and proximate result of the union sponsored meeting. A jury may reasonably find from the evidence that Miller's conduct was a "misguided effort" to maintain order for the union or was an act calculated to deliver a desired result for the union.
For the foregoing reason the motion for summary judgment is denied.
MOTTOLESE, JUDGE